IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT WHEELER,

    Petitioner,

    v.                                                                              Case No. 3:12-cv-618-DRH

JAMES CROSS,

    Respondent.

## ORDER

**HERNDON, Chief District Judge:**

    Robert Wheeler, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges that he is actually innocent of the offense for which he was convicted due to an intervening change in substantive law found in *Jones v. United States*, 529 U.S. 848 (2000).

    Generally, applications for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). An inmate under sentence of a federal court may properly challenge his conviction and sentence by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, in the court which imposed the sentence. The statute limits an inmate to one challenge of his

conviction and sentence under § 2255. An inmate may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

For prisoners who are unable to meet the burden of bringing forth either newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court, section 2255 contains a "savings clause" which may allow for challenge of a conviction or sentence under 28 U.S.C. § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In other words, § 2255 is inadequate or ineffective when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). In *Davenport*, the Seventh Circuit held that a federal prisoner may seek habeas corpus under § 2241 where he has "no reasonable opportunity to obtain earlier judicial correction

of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. The court added three qualifications to the *Davenport* rule: first, the change in law must have been made retroactive by the Supreme Court; second, the change in law must "elude the permission in section 2255 for successive motions; and third, the change in law must not be based upon differing interpretations between the circuit of conviction and the circuit of incarceration. *Id.* at 611-12.

Petitioner claims his case is one for which a second or successive section 2255 motion is inadequate or ineffective to test the legality of his detention. Based upon the documents presented by Petitioner, the Court is unable to determine at this time whether he may proceed on his claims of actual innocence in a petition filed pursuant to 28 U.S.C. § 2241. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed.R.Civ.P. 41(b).

Pursuant to this Order, petitioner's motion to expedite is **GRANTED** (Doc. 12). This case shall be expedited. Deadlines shall be shortened when possible. Requests for continuances and extensions will be scrutinized with careful consideration to the stated need and the objective to resolve this case as soon as practicable. Counsel for the respective parties are directed to meet as soon as possible to determine if petitioner's allegations have merit in an effort to resolve the issues through alternative dispute resolution. However, if through all of these measures, it is determined that counsel for the petitioner has intentionally misled

the Court regarding the state of the law in this case as it applies to the petitioner, respondent's counsel is directed to brief the issue of whether Rule 11 sanctions are appropriate. Counsel for the petitioner will respond and the Court will hold a hearing on the issue.

**IT IS SO ORDERED.**

Signed this 12th day of September, 2012.

David R. Herndon
2012.09.12
07:48:03 -05'00'

**Chief Judge
United States District Court**