IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT M. WHEELER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:12-00618-DRH-PMF |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Robert M. Wheeler filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a judgment of conviction on six counts resulting in two consecutive life sentences, entered in the United States District Court for the Northern District of Ohio in 1997. Wheeler, who is confined at FCI-Greenville, is proceeding under § 2241 on the theory that his remedy under 28 U.S. C. § 2255 is not adequate or effective to test the legality of his confinement due to an intervening change in the law.

**I.     Background**

On April 8, 1996, Rhonda A. Wheeler left her home in Michigan and drove to her workplace in Ohio in a 1994 Gran Prix. At the end of her workday, Mrs. Wheeler attempted to start the car. Within seconds, the car exploded. Mrs. Wheeler later died from her injuries.

Petitioner was arrested on April 17, 1996. He was interviewed by members of the Treasury Department's Alcohol, Tobacco, and Firearms division and made various statements. Some of his statements indicated that Mrs. Wheeler was employed as a legal secretary for Austin and Associates in Toledo, Ohio. Other statements suggested that Mrs. Wheeler's car had been destroyed by a pipe bomb activated by an electronic timing device, which Wheeler had built and installed beneath the vehicle's driver's seat.

Wheeler was charged in Counts 1 and 3 with violations of 18 U.S.C. § 33(destruction of motor vehicle). Counts 2, 4, and 6 charged Wheeler with violations of 18 U.S.C. § 924(c)(1)(use of a destructive device), and Count 5 charged Wheeler with a violation of 18 U.S.C. § 844(i)(arson). In particular, Counts 1 and 3 charged that the destroyed Gran Prix was "being used operated and employed in interstate commerce," while Counts 5 and 6 charged that the vehicle was "used in interstate commerce."

On February 5, 1997, Wheeler entered unconditional guilty pleas to all six counts. At the plea proceeding, Wheeler agreed with the following description of the evidence:

> [O]n the morning of April 8, 1996, Rhonda Wheeler was a resident of Michigan, traveled from her home to her place of employment, here in Toledo, which was Austin Associates. At the time she traveled from Michigan to Ohio, later learned a pipe bomb had been placed under the front driver's seat of the vehicle. After she completed work that day, approximately 5 o'clock in the afternoon, she re-entered the vehicle, attempted to start the vehicle and the vehicle exploded, causing serious life threatening injuries. After undergoing several operations over the next several days, Miss Wheeler expired on April 17, as a direct result of the explosion. . . . Mr. Wheeler made admissions indicating that he had, in fact, placed the destructive device in the vehicle.

(Doc. No. 17-2, pp. 22-25). Following an evidentiary hearing, Wheeler was sentenced to serve two consecutive life sentences.

Wheeler appealed his sentence, claiming that his offense level was improperly enhanced and that the wrong standard was applied when the sentencing court failed to depart downward from sentencing guidelines. *U.S. v Wheeler*, 168 F.3d 491 (6th Cir. 1998). On February 22, 2000, Wheeler file a motion pursuant to 28 U.S.C. § 2255, claiming ineffective assistance from counsel during sentencing. That motion was denied on September 5, 2000.[1]

---

[1] In 2005, Wheeler filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. That motion was denied on December 22, 2005.

In this petition, Wheeler asserts that he is actually innocent of his crimes following a substantive change in the law regarding the evidence needed to satisfy the interstate commerce element charged in Counts 1, 3, 5, and 6. Wheeler suggests that Supreme Court changed the interstate commerce element when it decided *Jones v. United States*, 529 U.S. 848 (2000), and that the new legal standard should be applied retroactively on collateral review. Further, he claims that current law, applied to his particular conduct, demonstrates that he did not commit any of the offenses charged in the indictment.

Respondent concedes that Wheeler is relying on a retroactive change in the law and that he may raise his claim through the vehicle of § 2241 because his remedy under § 2255 is not adequate or effective to test the legality of his confinement. *See In Re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). Respondent maintains, however, that Wheeler is not entitled to habeas relief because (1) by pleading guilty, Wheeler admitted that the evidence would satisfy the interstate commerce elements of Counts 1, 3, 5, and 6, and (2) Wheeler is not actually innocent because he destroyed a vehicle having a sufficient nexus to interstate commerce. In reply, Wheeler contends that his guilty plea does not foreclose habeas relief under the holding of *Bousley v. United States*, 523 U.S. 614 (1998). He seeks an opportunity to present evidence challenging the nexus between the destroyed vehicle and interstate commerce (Doc. No. 20).

After reviewing all materials, the Court finds that (1) Wheeler's challenge to his convictions may be properly evaluated under the savings clause of § 2255(e), (2) Wheeler admitted that he destroyed a vehicle that was used in interstate commerce by pleading guilty, and (3) Wheeler is not actually innocent of his crimes because he destroyed a vehicle used in interstate commerce.

## II.     Availability of § 2241

After Wheeler file a motion pursuant to 28 U.S.C. § 2255 (on February 22, 2000), the United States Supreme Court decided *Jones v. United States*, 529 U.S. 848 (2000).  The Supreme Court interpreted the phrase "used in an activity affecting commerce" as applied to conduct causing damage to an owner-occupied private residence.[2]  Focusing on the type of property damaged and the function of the property, the Court held that active – as opposed to passive – employment for commercial purposes was necessary for an owner-occupied private residence.  *Jones*, 529 U.S. at 855-56.

The parties agree that this Court may consider whether Wheeler is actually innocent of the crimes for which he stands convicted after the decision in *Jones* under the savings clause of § 2255(e).  Generally, § 2255 is the exclusive means for an attack on a federal conviction.  Section 2255(e) forbids an application for a writ of habeas corpus unless the § 2255 remedy is "inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e).  The savings clause permits collateral review via § 2241 in very limited circumstances: where a structural problem in § 2255 forecloses even one round of effective collateral review of a claim that the crime for which the prisoner is confined no longer exists.  *In re Davenport*, 147 F.3d at 610-612.

The undersigned agrees that Wheeler's claim that his conduct no longer violates federal criminal statutes could not have been presented under § 2255, due to a subsequent change in the law.  The change is retroactive on collateral review.  *United States v. Prevatte*, 300 F.3d 792, 802

---

[2] In *Jones*, the defendant set fire to a house owned and occupied by his cousin.  The government attempted to prove a connection between the house and interstate commerce by showing that the house had been used to obtain a mortgage, homeowner's insurance, and natural gas utilities.  These connections were not sufficient to integrate a private residence into the stream of interstate commerce.  *Jones*, 529 U.S. at 851-56.

(7th Cir. 2002). Accordingly, this Court may consider Wheeler's legal theory that, after *Jones*, he is actually innocent of the crimes for which he was convicted.

### III. Guilty Plea

As noted above, Wheeler plead guilty to 2 counts charging him with placing an explosive in a vehicle "being used, operated and employed in interstate commerce" (Counts 1, 3) and 2 counts of damaging a vehicle "used in interstate commerce" (Counts 5, 6) (Doc. No. 17-1). Because Wheeler entered unconditional guilty pleas, the government had no occasion to introduce evidence showing a link between the Gran Prix and interstate commerce.

Respondent correctly argues that Wheeler's guilty plea stands as his admission that his conduct satisfied the statutory element of interstate commerce. When a person enters a plea of guilty, he admits and waives any challenge to the application of the statutory elements to his particular conduct. *United States v. Dean*, __ F.3d __ (7th Cir. 2013); *United States v. Martin*, 147 F.3d 529, 533 (7th Cir. 1998). Wheeler disagrees, citing to *Bousley v. United States*, 523 U.S. 614 (1998).

In *Bousley*, the petitioner launched a constitutional challenge to his guilty plea under § 2255. Although Bousley procedurally defaulted a claim that his plea was not knowing and intelligent, he cured the default by showing that he had been misinformed as to the nature of the crime charged. In those circumstances, Bousley was entitled to an opportunity to demonstrate that it was more likely than not that no reasonable juror would have convicted him of the crime charged. *Bousley*, 523 U.S. at 623.

The undersigned is not persuaded that the outcome in *Bousley* governs Wheeler's particular circumstances. Wheeler does not suggest and has never argued that his guilty plea is invalid. Moreover, Wheeler does not suggest that he, his counsel, and the District judge

misunderstood the essential elements of the crimes charged when the guilty plea was accepted. Wheeler agreed that he attached a pipe bomb to a Gran Prix, which was used to transport Mrs. Wheeler from Michigan to Ohio. Wheeler also agreed that Mrs. Wheeler used the vehicle to travel to Ohio for the purpose of performing work duties for her employer, Austin and Associates. The Court is satisfied that Wheeler understood the nature of the charges against him and understood the nature and use of the Gran Prix when he admitted his guilt to Counts 1, 3, 5, and 6.

### IV.     Actual Innocence

The actual innocence exception is rarely used because it is reserved for the extraordinary case where incarceration is fundamentally unjust. *Schlup v. Delo*, 513 U.S. 298, 320-21). In order to show his actual innocence, Wheeler must establish that, in light of all the evidence before the Court, it is more likely than not that no reasonable juror would have convicted him of violating 18 U.S.C. §§ 33, 844(i), and 924(c)(1).

The Court is satisfied from the materials submitted that reasonable jurors could evaluate the use and character of the Gran Prix and conclude that there was a sufficient connection with interstate commerce. In particular, the facts permit the jury to conclude that (1) the Gran Prix was functional and used for transportation, (3) the Gran Prix moved an explosive device and a timing mechanism from Michigan to Ohio, (3) the Gran Prix moved an explosive device and a timing mechanism over public roads used to transport people and items between Michigan and Ohio, (4) the Gran Prix moved an employee from her residence in Michigan to her place of employment in Ohio, (5) the Gran Prix exploded at a place of business (Austin and Associates), and (6) Austin and Associates performed its functions in part by securing services from at least one out-of-state employee. In sum, the connection between the damaged vehicle and interstate

commerce was not too passive, too minimal, too attenuated, too indirect, or too incidental to support findings of guilt. Wheeler is not and cannot show that he is actually innocent of the crimes for which he stands convicted.

Wheeler relies on several cases, including *United States v. Monholland*, 607 F.2d 1311 (10th Cir. 1979) and *United States v. Montgomery*, 815 F.Supp 7 (D. D.C. 1993). Because both cases predate Wheeler's guilty plea and *Jones*, they are not persuasive. Moreover, while the property targeted in those cases were vehicles, both cases may be distinguished on their facts. Neither case involved destruction of a vehicle that was used to transport an employee and explosives over state lines.

## V. Conclusion

IT IS RECOMMENDED that Robert M. Wheeler's petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed. A certificate of appealability should not be issued.

SUBMITTED: **March 7, 2013**.

        s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**